UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| ACCESS FOR THE DISABLED and PATRICIA KENNEDY )))) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.: 8:13-CV-03158- EAJ-TGW |
| ) | |
| EDZ, INC. d/b/a SUBWAY #446, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE
MORE DEFINITE STATEMENT**

Defendant, EDZ, INC d/b/a SUBWAY #446 ("*Defendant*") by and through their undersigned counsel, move this Honorable Court, pursuant to Rule 12 of the Fed. R. Civ. Pro., to dismiss Plaintiffs', ACCESS FOR THE DISABLED, INC and PATRICIA KENNEDY (collectively referred to herein as "*Plaintiff*") complaint ("*Complaint*") or in the alternative to require Plaintiff to provide a more definite statement and in support thereof would show as follows:

**12b(1) and 12b(6) attack**

1. Plaintiff fails to allege sufficient facts to evidence any standing to pursue injunctive relief against the Defendant.

2. Particularly, Plaintiff alleges that she is a resident of Broward County, Florida, and Defendant is a business located in Pinellas County, Florida, a distance of more than 200 miles.

3. Plaintiff fails to allege when or why she visited Defendant's restaurant, especially in light of the great distances between Defendant's restaurant and Plaintiff's place of adobe.

4. Moreover, Plaintiff has filed numerous cases, including a previous case against the Defendant, 8:12-cv-02186-EAJ ("***Previous Case***"), which is awaiting the Court's ruling on the November 21, 2013 trial ("***Trial***").

5. Additionally, while the subject restaurant in this action, Subway #468, was not mentioned in the complaint of the Previous Case, the Plaintiff and Plaintiff's expert, Peter Lowell, testified regarding Subway #468 and its condition at the Trial; this case may be subject to *res judicata*, if the Court makes a ruling considering Subway #468 in any manner.

6. "[C]ourts may dismiss cases pursuant to Federal Rule of Civil Procedure 12(b)(1) upon finding that the plaintiff's claims are 'clearly immaterial, made solely for the purpose of obtaining jurisdiction or are wholly unsubstantiated and frivolous.'" Lamb v Charlotte County, 429 F.Supp.2d. 1302, 1306 (M.D. Fla. 2006).

7. Considering the elements discussed in the Lamb this matter must be dismissed because, Plaintiff lives more than 200 miles away from the Defendant's restaurant; Plaintiff appears to only have visited Defendant's restaurant while the parties were in litigation and on the eve of trial; Upon information and belief Plaintiff has not been back to the property since filing the complaint; There are other Subways and similar facilities closer to Plaintiff's home; Plaintiff has no connection to the property and no family or friends located near the property; Plaintiff has no immediate or concrete plans to return to the property, only a nonspecific *wish* to return if the property comes into compliance; Plaintiff has filed many similar suits throughout a large geographic area; and Plaintiff has evinced a desire to visit each of the many sites sued, despite the incredibility of such statements.  *See.* Lamb, 429 F.Supp.2d. at 1309 (M.D. Fla. 2006).

8. Also, Plaintiff appears to allege that she encountered barriers which would not be reasonable for her to encounter. For example, Plaintiff alleges that the urinal provided by the facility is a barrier to her alleged handicap. However, the urinal is located in the male restroom and Plaintiff is a female. It would be unreasonable for this Plaintiff to have encountered the alleged barrier.

9. Under these facts the Plaintiff lacks the sufficient standing to seek injunctive relief under Title III of the ADA.

**Rule 12e**

10. In the alternative, Plaintiff has failed to include any allegations on when she visited Subway #468, what specific barriers she encountered, and how these alleged barriers discriminated against her.

11. For example, Plaintiff fails to allege what specific policy and procedures were encountered by Plaintiff, and which accessible features and equipment were not properly maintained. (Doc. 1).

12. Moreover, since litigation in preparation for the Trial and through the date of this motion, Defendant has been making modifications to Subway #468 to achieve reasonable compliance with the ADA. Without knowing when Plaintiff visited Subway #468, Defendant cannot reasonably respond as to the condition of the restaurant at the time of Plaintiff's alleged visit.

13. Without these critical allegations, Defendant cannot reasonably formulate any responsive pleading because Defendant would have to speculate on what Plaintiff encountered.

14. Thus, Defendant requests in the alternative that Plaintiff provide a more definite statement regarding the barriers she encountered, when she encountered the barriers, and how these allege barriers discriminate against her.

## Memorandum of Law

### Background

This is an action under Title III of the American with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, seeking only injunctive relief from the Court. ("***ADA***"). To establish standing in the context of a Title III ADA claim, a plaintiff must prove sufficient facts demonstrating: 1) that he or she has suffered an injury-in-fact; 2) the existence of a causal connection between the asserted injury-in-fact and the challenged action of the defendant; 3) that the injury will be redressed by a favorable decision; and 4) a real and immediate-as opposed to merely conjectural or hypothetical-threat of future injury. Shotz v. Cates, 256 F.3d 1077, 1081 (11th Cir. 2001). When injunctive relief is sought, a plaintiff "must show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future," Wooden v. Bd. of Regents of Univ. Sys. of Ga., 247 F.3d 1262, 1284 (11th Cir. 2001). Defendant was served with this complaint on January 7, 2014. However, based on the allegations in the complaint, Defendant is unable to formulate any responsive pleading because Plaintiff lacks standing to pursue this matter, or Plaintiff fails to allege sufficient facts to place Defendant on notice of what harm Plaintiff alleges to have encountered.

### Plaintiffs' Burden

Plaintiffs bear the burden of demonstrating that the Court has jurisdiction in this case. Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir.1980). Once subject matter jurisdiction has been questioned, a plaintiff is required to "clearly" allege facts demonstrating

that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers." Warth v. Seldin, 422 U.S. 490 at 518 (1975). Determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and *common sense*. Houston v 7-Eleven, Inc., 2013 WL 6133834 (M.D. Fla. 2013) citing Bell Atlantic v. Twombly, 550 U.S. 544 at 555 (2007) (Emphasis Added). When viewed from this Court's experience and common sense the Plaintiff cannot establish standing to seek injunctive relief.

**Standard under Rule 12(b)(1)**

Motions filed under Rule 12(b)(1), Fed. R. Civ. P., question the Court's jurisdiction over the subject matter of a case. "Motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), Fed. R. Civ. P., may attack jurisdiction facially or factually." Morrison v. Amway Corp., 323 F.3d 920, 924, n. 5 (11th Cir. 2003). Factually-based attacks on subject matter jurisdiction, "challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings…are considered." Goodman ex rel. Goodman v Sipos, 259 F.3d 1327 (11th Cir. 2001).

"In factual attacks, the court delves into the arguments asserted by the parties and the credibility of the evidence presented." Garcia v. Copenhaver, Bell, and Assocs., 104 F.3d 1256, 1260–1261 (11th Cir. 1997). In deciding a motion to dismiss filed under Rule 12(b)(1), Fed. R. Civ. P., the Court is not required to assume that the allegations in the complaint are true. Rosenkrantz v. Markopoulos, 254 F.Supp.2d 1250 at 1251 (M.D. Fla. 2003); *see also* Goodman v. Sipos, 259 F.3d 1327, 1331 n. 6 (11th Cir. 2001)(factually-based attacks on subject matter jurisdiction go beyond the pleadings and permit testimony and affidavits to be considered). Also, courts may dismiss cases pursuant to Rule 12(b)(1) upon finding that the

plaintiff's claims are "clearly immaterial, made solely for the purpose of obtaining jurisdiction or are wholly unsubstantiated and frivolous." Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 732 (11th Cir. 1982); *see also* Bell v. Hood, 327 U.S. 678, 682–683 (1946).

**Standard under Rule 12(b)(6)**

In contrast, where the jurisdictional attack is based on the face of the pleadings, as in Rule 12(b)(6), the court merely looks to determine whether the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in the plaintiff's complaint are taken as true for purposes of the motion. Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990). The "injury-in-fact" demanded by Article III requires an additional showing when injunctive relief is sought. In addition to past injury, a plaintiff seeking injunctive relief "must show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future." Wooden, 247 F.3d at 1284 (11th Cir. 2001). Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party shows "a real and immediate—as opposed to a merely conjectural or hypothetical—threat of *future* injury." Shotz, 256 F.3d at 1081 (11th Cir. 2001); Wooden, 247 F.3d at 1284 (11th Cir. 2001)(Emphasis added). The elements of standing "are not mere pleading requirements[,] but rather an indispensable part of the plaintiff's case." Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). Therefore, "each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e. with the manner and degree of evidence required at the successive stages of the litigation." Id.  A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556 (1992). Accordingly, two working principles underlie the Twombly Court. "[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a

cause of action's elements, supported by mere conclusory statements, [and] only a complaint that states a plausible claim for relief survives a motion to dismiss." Houston v 7-Eleven, Inc., 2013 WL 6133834 (M.D. Fla. November 21, 2013) (citations omitted).

**Facts of this case as evidenced by prior litigation**

Plaintiff's allegations that there exists a future threat of harm fall well short of common sense in light of the history between the parties. Plaintiff resides over 200 miles from Defendant's business, a Subway restaurant. There are numerous Subway restaurants between Plaintiff's residence and Subway #468. Moreover, Plaintiff had never encountered Defendant's restaurants until visiting Subway restaurant #336 on April 15, 2012. (Deposition of Patricia Kennedy Pg. 17 Ln. 1). Even if Plaintiff had encountered Subway #468, Plaintiff admits that she only travels to St. Petersburg for the purposes of verifying ADA complaints. (Deposition of Patricia Kennedy Pg. 21 Ln, 9 – 12). Plaintiff admits that she is unable to drive alone, particularly to drive the long distance between Broward County and Pinellas County (Deposition of Patricia Kennedy Pg. 13 Ln. 11 -14). Plaintiff also admits that she does not have any relatives, does not visit any doctor, nor owns any property in St. Petersburg, FL. (Deposition of Patricia Kennedy Pg. 12 Ln. 1 – 14). Finally, Plaintiff admits that she travels with her expert, Peter Lowell, for the sole purpose of verifying ADA complaints every two to three months. (Deposition of Patricia Kennedy Pg. 21 Ln. 21 – 25 and Pg. 22 Ln 1 – 5).

Since Plaintiff's reason for travelling is to verify ADA violations for the purpose of filing an ADA Title III complaint, Plaintiff does not have any interest in returning to the Defendant's store once suit has been filed. Thus, Plaintiff cannot have any reasonable threat of future injury since her sole reason for traveling the 200 miles from Broward County to Pinellas County is simply to verify ADA violations and file a lawsuit under Title III of the ADA. Therefore, Plaintiff's

allegations that there is a threat of future injury are not reasonable and under a common sense view of the totality of the circumstances cannot be viewed as genuine.

Moreover, Defendant has been so concerned with any potential violations of the ADA that he had an inspection done on Subway #468, shortly after being served with a similar lawsuit against Subway #336. (Deposition of Edward Zigman Pg. 90 Ln. 6 – 11). Defendant even invested money in order to remedy any potential ADA violations at Subway #468. (Deposition of Edward Zigman Pg. 90 Ln. 22- 24). Plaintiff has been made aware of Defendant's plans to bring Subway #468 into compliance as far back as July 22, 2013. Additionally, Plaintiff is aware that Defendant does not make any profits. (Deposition of Edward Zigman Pg. 70 Ln. 1-5). However, Defendants already spent significant amounts of money to bring one building into compliance (Deposition of Edward Zigman Pg. 70 Ln. 22-25).  Moreover, Defendant's principals have filed an individual Chapter 13 bankruptcy, Case No: 8:13-bk-15091-CPM, which Plaintiff was made aware of during the Trial. Even if there exists potential violations under Title III of the ADA, Defendant already has a plan to bring Subway #468 into compliance within its limited budget. Thus, there is no greater relief which this Court can provide through an injunctive ruling, and Plaintiff was aware of these circumstances prior to filing this matter.

Like the Lamb case, this Plaintiff lives a great distance from the Defendant's restaurant. Plaintiff appears to only have visited Defendant's restaurant while the parties were in litigation on a previous matter. Upon information and belief Plaintiff has not been back to the property since filing the complaint. There are other Subways and similar facilities closer to Plaintiff's home. Plaintiff has no connection to the property and no family or friends located near the property. Plaintiff has no immediate or concrete plans to return to the property, only a nonspecific *wish* to return if the property comes into compliance. Plaintiff has filed many similar

suits throughout a large geographic area; and Plaintiff has evinced a desire to visit each of the many sites sued, despite the incredibility of such statements. Thus, Plaintiffs' allegations are not reasonably calculated to lead to future injury because Plaintiff does not possess a genuine intent to return to Defendant's restaurant. *See.* Lamb, 429 F.Supp.2d. at 1309 (M.D. Fla. 2006). Moreover, Defendant has taken steps which would remedy any alleged violations at Subway #468. More importantly, Plaintiff is aware of Defendant's plans to remedy any violations and prior to filing this lawsuit was aware that Defendant did in fact have a plan in place to remedy all potential ADA violations in all its restaurants. Under the totality of the circumstances this Court should dismiss this complaint under Rule 12(b)(1) or 12(b)(6).

**In the alternative the Court should allow a more definite statement under Rule 12(e)**

In the alternative, Plaintiffs' complaint contains ambiguous statements regarding the barriers allegedly encountered by Plaintiff. "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Rule 12e, Fed. R. Civ. Pro. However, motions for a more definite statement are disfavored under the law. Campbell v. Miller, 836 F.Supp. 827, 832 (M.D. Fla. 1993). However a motion for a more definite statement should be granted when the pleading to which the motion is directed is so ambiguous or vague that a party cannot be reasonably expected to respond." Eye Care Int'l, Inc. v. Underhill, 92 F.Supp.2d 1310, 1316 (M.D. Fla. 2000). Notably, a Plaintiff filing suit under Title III of the ADA "does not have standing to challenge alleged barriers of which he was unaware at the time of filing of his complaint." Mattix v. Dunn Plaza Inv., LLC, 2012 WL 2952432, at *1 (M.D. Fla. Jul.19, 2012); Norkunas v. Seahorse NB, LLC, 720 F.Supp.2d 1313, 1319 (M.D. Fla. 2010) (citations

omitted). Such is the case because "[w]ithout actual knowledge of barriers, Plaintiff has not suffered an 'injury in fact' which establishes standing at the time of filing the complaint." Norkunas, 720 F.Supp.2d at 1313 (M.D. Fla. 2010) (citing Lujan, 504 U.S. at 560–61). Entry into the subject property does not automatically confer upon a plaintiff a presumption that they were injured by any and all architectural barriers therein. Access 4 All, Inc. v. Bamco VI, Inc., 2012 WL 33163, at *3 (S.D. Fla. Jan.6, 2012) (citations omitted).

In the instant case, Plaintiffs fails to allege when she visited Subway #468, what specific barriers she encountered, and how these alleged barriers discriminated against her. For example, Plaintiff fails to allege what specific policy and procedures were encountered by Plaintiff, and which accessible features and equipment were not properly maintained. (Doc. 1). Without more, Defendant cannot reasonably be expected to respond because there may be a number of policies and procedures which could have been encountered and Defendant would have to guess which were encountered by Plaintiff. Moreover, Plaintiff appears to allege that she encountered barriers which do not appear reasonable for her to encounter. For example, Plaintiff alleges that she encounter the urinal as an alleged barrier. (Doc. 1). However, the urinal is only located in the male restroom and it would be unreasonable for Plaintiff to encounter this alleged barrier. Additionally, since Defendant had been modifying Subway #468 since the Prior Case, without knowing when Plaintiff visited the restaurant Defendant would not know the condition of Subway #468 at the time of the visit to reasonably respond to Plaintiffs' allegations. (Deposition of Edward Zigman Pg. 90 Ln. 22- 24) Thus, Defendant requires a more definite statement to explain which alleged barriers were encountered by Plaintiff at the time of her visit.

## SUMMARY

Defendants are entitled to dismissal because the Plaintiff is unable to demonstrate a reasonable or genuine threat of future injury, thus lacking standing. In the alternative, the Defendant requests a more definite statement so that a reasonable responsive pleading can be provided.

**I HEREBY CERTIFY** that, on January 28, 2014, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will automatically send an e-mail notification of such filing to the attorneys of record.

**SKYWAY LAW GROUP, P.A.**

*/s/ David A. Fernandez*
David A. Fernandez, Esq.
FBN: 084984
1180 8th Ave West #217
Palmetto, FL 34221
Tel: (941) 845-4133
Fax: 1-866-442-1413
david@skywaylaw.com
service@skywaylaw.com