# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT FLORIDA
# TAMPA DIVISION

ACCESS FOR THE DISABLED, INC., a
Florida not for profit corporation, and
PATRICIA KENNEDY, Individually,
    Plaintiffs,

vs.                              CASE NO. 8:13-CIV-3158-EAK-TGW

EDZ, INC.,
    Defendant.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

This cause is before the Court on Defendant's motion to dismiss or in the alternative more definite statement (Doc. 5) and response thereto (Doc. 13). Plaintiffs filed a complaint against Defendant for violations of Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12181, *et seq*. and Florida Accessibility Code (FAR). Plaintiffs seek a declaratory judgment determining that Defendant was in violation of Title III at the commencement of this lawsuit. Further, the Plaintiffs seek injunctive relief against Defendant requiring Defendant; 1) to make all readily achievable alterations to the facility, or to make the facility readily accessible and usable by individuals with disabilities to the extent required by the ADA; 2) to make reasonable modifications to policies, practices or procedures where necessary to ensure individuals with disabilities have access to all goods, services, facilities, privileges, advantages or accommodations; and 3) to prohibit Defendant from failing to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated

or otherwise treated differently than other individuals because of the absence of auxiliary aids and services. Plaintiffs further seek an award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. Sec. 12205, and any other appropriate relief.

## **STANDARD OF REVIEW**

This Court in *Houston v. 7-Eleven, Inc.*, 8:13cv1845-T-EAK-AEP addressed very similar issues and challenges under Rule 12(b)(1), Fed.R.Civ.P. and 12(b)(6), Fed.R.Civ.P. As to the challenge under 12(b)(1), this Court stated:

> A motion to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, can be a facial attack or a factual attack. In a facial attack, the factual allegations of the Complaint are taken as true. In a factual attack, the Court may consider matters outside the Complaint, and is free to weigh evidence and satisfy itself as to the existence of its power to hear the case. In a factual attack, the allegations of the Complaint are not presumptively true. Where the attack on jurisdiction implicates the merits of the plaintiff's federal cause of action, the Court should find that jurisdiction exists and deal with the objection as a direct attack on the merits of plaintiff's case, proceeding under Rule 12(b)(6) or Rule 56. The exceptions to this rule are narrowly drawn, and are intended to allow jurisdictional dismissals only in those cases where the federal claim is clearly immaterial or insubstantial. See *Williamson v. Tucker*, 645 F.2d 404 (5th Cir.), cert. denied. 454 U.S. 897 (1981).

To resolve this challenge the Court can consider the exhibits filed outside of the four corners of the complaint (Depositions of Edward Zigman and Patricia Kennedy from a separate federal court action (Docs. 7 and 8) and Affidavit of Patricia Kennedy taken in this case (Doc. 13)).

As to challenges under 12(b)(6), Rule 8(a)(2), Fed.R.Civ.P., requires that a plaintiff's complaint set out a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will

2

not do." *Id.* (citations and internal quotation marks omitted).

Therefore, to survive a defendant's motion to dismiss, the plaintiff's complaint "must now contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). In considering a motion to dismiss under this plausibility standard, courts follow a two-pronged approach. First, a court must "eliminate any allegations in [a] complaint that are merely legal conclusions." *Id.* at 1290 (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)). Then, a court must take any remaining well-pleaded factual allegations, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (citing *Iqbal*, 129 S. Ct. at 1950)) (internal quotation marks omitted). In sum, Rule 8's pleading standard "does not require 'detailed factual allegations,' but demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). Under this attack the Court must look only to the four corners of the pleadings, here the complaint.

## DISCUSSION

Under Title III of the American with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, to establish standing a plaintiff must prove sufficient facts demonstrating: 1) that he or she has suffered an injury-in-fact; 2) the existence of a causal connection between the asserted injury-in-fact and the challenged action of the defendant; 3) that the injury will be redressed by a favorable decision; and 4) a real and immediate, as opposed to merely conjectural or hypothetical, threat of future injury. *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001). When, as in this case, the plaintiff seeks only injunctive relief, he or she "must show a sufficient likelihood that he or she will be affected by the allegedly unlawful conduct in the future," *Wooden v. Bd. of Regents of Univ. Sys. of Ga.*, 247 F.3d 1262, 1284 (11th Cir.

3

2001).

As to the challenge under 12(b)(6), the Court is required to accept the allegations of the complaint as true and then determine if the facts plausibly give rise to granting relief to the *Plaintiff. As in* Houston*, the Court does not consider deposition testimony, but assumes the truth of the factual allegations in the complaint.* Plaintiff Kennedy alleges generally that she personally visited the subject property and encountered barriers at the subject property. Plaintiff Kennedy further alleges that violations present at Defendant's facilities are a hazard to her safety, infringe Plaintiff's right to travel free of discrimination, and that Plaintiff has suffered and will suffer frustration and humiliation as the result of the discriminatory conditions at Defendant's facilities. Plaintiff Kennedy also alleges that the presence of barriers deprives her of equal opportunity offered to the general public, as to the goods, services, facilities, privileges and/or accommodations available to the general public. As in *Houston*, the Court finds that the complaint contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1289 and the motion to dismiss under this rule is denied.

The Court finds no basis to require the Plaintiffs to file a more definite statement. The complaint is adequate and the Court finds the Defendant should be able to answer the complaint as it is filed.

That leaves the motion made under 12(b)(1), which the Court finds to be a factual attack on subject matter jurisdiction. A plaintiff must show past injury and a real and immediate threat of future injury. The complaint in this case asserts the past injury and the affidavit of the Plaintiff Kennedy establishes a real and immediate threat of future injury (Doc. 13). "[w]hen an

4

attack on jurisdiction implicates the merits of Plaintiff's cause of action, the Court should find that jurisdiction exists, and deal with the objection as a direct attack on the merits of the case under Rule 12(b)(6) and Rule 56." *Houston,* at pg. 6 (citing *Lawrence v. Dunbar*, 919F.2d 1525, 1529-30 (11* Cir. 1990): *Morrison v. Amwav Corp.* 323 F.3d 920, 925 (11th Cir. 2003)). Upon consideration, the Court denies the motion to dismiss at this stage of the proceedings. Accordingly, it is

**ORDERED** that the motion to dismiss or for more definite statement (Doc. 5) be **denied** and the Defendant has ten days from this date to answer the complaint.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 8th day of April, 2013.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record