UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ACCESS FOR THE DISABLED, INC. and
PATRICIA KENNEDY,

    Plaintiffs,

v.

CASE NO. 8:13-cv-03158-EAK-TGW

EDZ, INC.,

    Defendant,

_____/

### ORDER ON PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIM, PLAINTIFFS' MOTION FOR RULE 11 SANCTIONS, AND PLAINTIFFS' MOTION FOR RECONSIDERATION

This cause comes before the Court on Plaintiffs' Motion to Dismiss Defendant's Counterclaims (hereinafter "Motion to Dismiss") (Doc. 28), Plaintiffs' Motion for Rule 11 Sanctions (Doc. 38), and Plaintiffs' Motion for Reconsideration (Doc. 41). After careful consideration of the parties' submissions, this Court concludes that Plaintiffs' Motion to Dismiss is **GRANTED** in part and **DENIED** in part. Plaintiffs' Motion for Rule 11 Sanctions is **DENIED**, and Plaintiffs' Motion for Reconsideration is **DENIED**.

### BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs Access for the Disabled, Inc. and Patricia Kennedy ("Plaintiffs") filed their complaint (Doc. 1) against Defendant EDZ, Inc. ("Defendant") with this Court on December 17, 2013, seeking injunctive relief, attorney's fees, litigation expenses, and

costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, and Florida Accessibility Code. (Doc. 1). Plaintiffs contend that Defendant's Subway restaurant fails to adhere to a policy and procedure to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities in violation of 28 C.F.R. § 36.302 and that Defendant's Subway restaurant fails to properly maintain accessible features and equipment required to be readily accessible to and usable by persons with disabilities in violation of 28 C.F.R. § 36.211. (Doc. 1). Specifically, Plaintiff Kennedy contends that she has suffered, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at Defendant's facility, e.g., that Defendant's Subway restaurant's restrooms do not provide the required grab bars, do not adhere to the required reach limitations, do not have sufficient floor space, do not have properly wrapped plumbing, do not have adequately-sized toilet stalls, do not have proper door handles, and provide a urinal that does not meet the proper height requirements. (Doc. 1).

On April 17, 2014, Defendant filed its Answer to the Complaint (Doc. 22) with this Court, which included Defendant's affirmative defenses and counterclaims against Plaintiffs. In the Answer to the Complaint, Defendant makes a claim against Plaintiffs for trespassing and for extortion. (Doc. 22). Defendant alleges that Plaintiffs exceeded the scope of the implied license granted by Defendant's Subway restaurant and that Plaintiffs have conspired or endeavored to commit extortion against Defendant by threatening continued litigation, and therefore an increase in attorneys' fees, unless Defendant settles the claim for the initial attorneys' fee amount. (Doc. 22). Plaintiffs responded to Defendant's counterclaims by filing their Motion to Dismiss (Doc. 28) on May 8, 2014.

Under the belief that the Defendant's filing of its counterclaim constituted sanctionable misconduct under 28 U.S.C. § 1927 and Federal Rule of Civil Procedure 11, Plaintiffs filed their original Motion for Sanctions (Doc. 29) and their Motion for Rule 11 Sanctions (Doc. 38), respectively. This Court denied Plaintiffs' original Motion for Sanctions as moot in an order on June 9, 2014. (Doc. 39). Plaintiffs now request this Court reconsider that order in their Motion for Reconsideration. (Doc. 41).

For the reasons set forth below, Plaintiffs' Motion to Dismiss must be denied in regards to Defendant's counterclaim for trespass and granted in regards to Defendant's counterclaim for extortion. Because Defendant's counterclaim for trespass survives Plaintiffs' Motion to Dismiss, Plaintiffs' Motion for Rule 11 Sanctions and Motion for Reconsideration must be denied.

## APPLICABLE STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to test the legal sufficiency of a plaintiff's complaint. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). But even under the liberal pleading standard in federal courts, conclusory statements standing alone will not suffice. *Perry v. Thompson*, 786 F.2d 1093, 1094 (11th Cir. 1986). So while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bankers Life Ins. Co. v. Credit Suisse First Boston Corp.*, 2008 WL 1817294 (M.D. Fla. 2008) (quoting

*Twombly*, 550 U.S. at 555). Therefore, to avoid dismissal, a plaintiff must allege sufficient facts to support the allegations in the complaint and state a plausible claim. *Twombly*, 550 U.S. at 555.

## DISCUSSION

## MOTION TO DISMISS

### COUNT I: TRESPASS

Count I of Defendant's counterclaim contends that Plaintiffs exceeded the scope of the implied consent or license granted to them by Defendant's Subway restaurant and that, in doing so, Plaintiffs trespassed on Defendant's property. (Doc. 22). Because Defendant states sufficient facts to allege a claim of trespass by defendants that create material issues of fact, Defendant's counterclaim against Plaintiffs for trespass must survive Plaintiffs' Motion to Dismiss.

During the course of prior litigation between these parties regarding another of Defendant's Subway restaurants (hereinafter "Subway #336"), Defendant became aware that Subway #336, as well as the Subway restaurant in this case (hereinafter "Subway #468"), required modifications in order to bring the restaurants into compliance with the Americans with Disabilities Act (hereinafter "ADA"). (Doc. 32).[1] The prior litigation concerned facts similar to the instant case; however Plaintiffs' claims only concerned Defendant's Subway #336. (Doc. 32). After being made aware that Subway #468 required modifications and that Defendant had in place a plan to bring Subway #468 into compliance with the ADA, Plaintiff Kennedy and ADA Compliance Expert Peter Lowell, while in Tampa awaiting a bench trial for the Subway #336 lawsuit, travelled to

---

[1] The case referenced here is Case No. 8:12-cv-02186-EAJ, which is pending before the Honorable Elizabeth A. Jenkins.

4

Defendant's St. Petersburg Subway #468 restaurant, and used a tape measure to find the ADA violations mentioned above. (Docs. 13-1, 22, 32). Defendant Kennedy and ADA Compliance Expert Peter Lowell, in addition to conducting the preliminary inspection of Subway #468, also purchased food prior to leaving Defendant's property. (Docs. 1, 28).

"[C]onsent or license implied from custom, usage, or conduct is 'necessarily limited . . . to those acts that are within a fair and reasonable interpretation of the terms of the grant.'" *Crowell v. Florida Power Corp.*, 438 So. 2d 958, 958 (Fla. Dist. Ct. App. 1983) (quoting *Boston Manufacturer's Mutual Insurance Co. v. Fornalski*, 234 So. 2d 386 (Fla. Dist. Ct. App. 1970)). Whether Plaintiffs trespassed on Defendant's property by exceeding an implied consent or license creates a material issue of fact. *See id.* (stating "a genuine issue of material fact exists as to whether [Defendant's] agents violated the boundaries of [the implied] consent by trimming the [Plaintiffs'] trees").

Defendant's counterclaim states that while Subway #468 provides an implied consent or license for its customers, the license is limited to customers for the purpose of patronizing the restaurant. (Doc. 22). Defendant further claims that Plaintiff Kennedy exceeded that license by entering Subway #468 with the intent to damage the restaurant, "mainly to identify technical violations of the ADA for the purposes of filing a lawsuit and seeking money in exchange for avoiding litigation." (Doc. 22). Defendant's counterclaim thus alleges sufficient facts to support the allegation and to state a plausible claim. Defendant's allegations therefore meet the exceedingly low threshold required for a complaint to survive a motion to dismiss

COUNT II: EXTORTION

Count II of Defendant's counterclaim contends that Plaintiffs conspired or endeavored to extort Defendant before and after instituting litigation by threatening continued litigation and increased attorneys' fees. (Doc. 22). Because a threat to sue cannot constitute extortion, Defendant's counterclaim fails to allege sufficient facts to state a plausible claim. Therefore, Defendant's counterclaim against Plaintiffs for extortion cannot survive Plaintiffs' Motion to Dismiss.

Defendant's Counterclaim alleges that Plaintiffs systematically visit small businesses that are places of public accommodation, particularly hotels and restaurants, in order to identify potential violations of the ADA. (Doc. 22). When Plaintiffs find such violations, rather than asking the owner to remedy the violations, Defendant alleges that Plaintiffs immediately file lawsuits and threaten to "seek an unreasonable amount of attorneys' fees against the victim which would cripple the small business's ability to continue to conduct commerce, unless the victim pays a certain sum in 'attorneys' fees,' prior to asserting any defense from the lawsuit." (Doc. 22). This is the second time Plaintiffs have filed a lawsuit against Defendant for violations of the ADA. (Doc. 22).

While this Court and others have expressed distaste for the type of acts alleged by Defendant, *see Association for Disabled Americans, Inc. v. Integra Resort Management, Inc.*, 385 F. Supp. 2d 1272 (M.D. Fla. 2005) (summarizing numerous decisions by United States District Courts in Florida involving cases with similar facts to the instant action), the fact remains that a threat to sue cannot constitute extortion. *United States v. Pendergraft*, 297 F.3d 1198, 1205 (11th Cir. 2002). The Eleventh Circuit has reasoned, "under our system, parties are encouraged to resort to courts for the redress of wrongs

and the enforcement of rights. . . . For this reason, litigants may be sanctioned for only the most frivolous of actions . . . but even these remedies are heavily disfavored because they discourage the resort to courts." *Id.* at 1206. The Eleventh Circuit is not alone in its position that a threat to sue does not constitute extortion. *See Vemco, Inc. v. Camardella*, 23 F.3d 129, 134 (6th Cir. 1994) ("A threat of litigation if a party fails to fulfill even a fraudulent contract, moreover, does not constitute extortion."); *I.S. Joseph Co., Inc. v. J. Lauritzen A/S*, 751 F.2d 265, 267–68 (8th Cir. 1984) (declining to expand the federal extortion statue to include the threat to sue); *G-I Holdings, Inc. v. Baron & Budd*, 179 F. Supp. 2d 233, 259 (S.D.N.Y. 2001) (agreeing with other courts that "[t]hreats of litigation, and even threats of meritless litigation or the actual pursuit of such litigation [does] not constitute acts of extortion"). Because a threat to sue cannot constitute extortion, Defendant has failed to allege sufficient facts to state a plausible claim. Therefore, Defendant's counterclaim against Plaintiffs for extortion cannot survive Plaintiffs' Motion to Dismiss.

## MOTION FOR SANCTIONS AND MOTION FOR RECONSIDERATION

In their Motion for Sanctions, which Plaintiffs now ask this Court to reconsider, and their Motion for Rule 11 Sanctions, Plaintiffs ask this Court to impose sanctions on Defendant's attorney for filing a counterclaim against Plaintiffs. (Doc. 38). Because Defendant's trespass counterclaim survives the Motion to Dismiss, and because this Court does not believe Defendant's counsel acted unreasonably, Plaintiffs' Motion for Rule 11 Sanctions and Motion for Reconsideration must be denied.

Sanctions pursuant to Federal Rule of Civil Procedure 11 "are proper (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a

pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose." *Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 694 (11th Cir. 1995) Because Defendant's counterclaim against Plaintiffs for trespass survives the Motion to Dismiss, Defendant's counterclaim cannot be said to have had no reasonable factual basis, no reasonable chance of success, or to have been filed in bad faith or for an improper purpose—Defendant's counsel was properly advocating, here successfully, for Defendant.

Defendant's counterclaim against Plaintiffs for extortion, while unsuccessful, cannot be said to have violated Federal Rule of Civil Procedure 11. "Because an objective standard of reasonableness under the circumstances governs whether Rule 11 has been violated, 'a federal district court is required to evaluate whether the motion, pleading, or other paper reflected what could reasonably have been believed by the signer at the time of the signing.'" *Didie v. Howes*, 988 F.2d 1097, 1104 (11th Cir. 1993) (quoting *Aetna Ins. Co. v. Meeker*, 953 F.2d 1328, 1331 (11th Cir. 1992)). Defendant has been placed in the position of having to defend against two nearly identical lawsuits in which Plaintiff threatened to further increase attorneys' fees by continuing litigation. (Doc. 40). Defendant claims that the threat of great financial loss and a damaged reputation amounts to extortion; however, fatal to Defendant's counterclaim is that a threat to sue is not viewed by this Court, or any court we are aware of, as extortion. Still, this Court does not believe Defendant's counterclaim was made in bad faith or that Defendant and Defendant's counsel acted unreasonably. Therefore, Plaintiffs' Motion for Rule 11 Sanctions is denied.

Plaintiffs also move this Court to reconsider Plaintiffs' original Motion for Sanctions, which utilizes 28 U.S.C. § 1927, rather than Federal Rule of Civil Procedure 11, as a basis for imposing sanctions. For the same reasons this Court declines to impose sanctions under Rule 11, this Court declines to impose sanctions against Defendant and Defendant's counsel under Section 19 Accordingly, it is

**ORDERED** that:

(1) Plaintiffs' Motion to Dismiss is **GRANTED** in part and **DENIED** in part to the extent that Defendant's counterclaim for extortion is dismissed and Defendant's counterclaim for trespassing survives Plaintiffs' Motion to Dismiss;

(2) Plaintiffs' Motion for Rule 11 Sanctions is **DENIED**; and

(3) Plaintiffs' Motion for Reconsideration is **DENIED**.

(4) The Plaintiffs have ten days from this date to answer the counterclaim that remains.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this _11th_ day of August, 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT COURT JUDGE

Copies to: All Parties and Counsel of Record