UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ACCESS FOR THE DISABLED, INC. and
PATRICIA KENNEDY,

    Plaintiffs,

v.

CASE NO. 8:13-cv-03158-EAK-TGW

EDZ, INC.,

    Defendant,

_____/

## ORDER ON PLAINTIFF PATRICIA KENNEDY'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANT'S COUNTERCLAIM AND PLAINTIFFS' MOTION FOR ATTORNEY'S FEES

This cause comes before the Court on Plaintiff, Patricia Kennedy's, Motion for Summary Judgment on Defendant's Counterclaim (hereinafter "Motion for Summary Judgment") (Doc. 45) and Plaintiffs' Motion for Attorney's Fees Pursuant to F.S.A. 772.104 (hereinafter "Motion for Attorney's Fees") (Doc. 49). After careful consideration of the parties' submissions, this Court concludes that Plaintiff's Motion for Summary Judgment is **DENIED** and Plaintiffs' Motion for Attorney's Fees is **GRANTED**.

### BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs Access for the Disabled, Inc. and Patricia Kennedy ("Plaintiffs") filed their complaint (Doc. 1) against Defendant EDZ, Inc. ("Defendant") with this Court on December 17, 2013, seeking injunctive relief, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, and Florida

Accessibility Code. (Doc. 1). Plaintiffs contend that Defendant's Subway restaurant fails to adhere to policy and procedure to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities in violation of 28 C.F.R. § 36.302 and that Defendant's Subway restaurant fails to properly maintain accessible features and equipment required to be readily accessible to and usable by persons with disabilities in violation of 28 C.F.R. § 36.211. (Doc. 1). Specifically, Plaintiff Kennedy contends that she has suffered, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at Defendant's facility, e.g., that Defendant's Subway restaurant's restrooms do not provide the required grab bars, do not adhere to the required reach limitations, do not have sufficient floor space, do not have properly wrapped plumbing, do not have adequately-sized toilet stalls, do not have proper door handles, and provide a urinal that does not meet the proper height requirements. (Doc. 1).

On April 17, 2014, Defendant filed its Answer to the Complaint (Doc. 22) with this Court, which included Defendant's affirmative defenses and counterclaims against Plaintiffs. In the Answer to the Complaint, Defendant made claims against Plaintiffs for trespassing and for extortion. (Doc. 22). On May 8, 2014, Plaintiffs filed a Motion to Dismiss Defendant's Counterclaims (hereinafter "Motion to Dismiss") (Doc. 28), which was granted in part and denied in part in an Order by this Court signed August 11, 2014 (Doc. 42). Only Defendant's counterclaim for trespass survived Plaintiffs' Motion to Dismiss. *Id.*

On August 18, 2014, Plaintiffs filed a Motion for Summary Judgment (Doc. 45) on Defendant's Trespassing claim alleging that summary judgment is appropriate

because no genuine issue of material fact exists and that Plaintiffs are entitled to judgment in their favor as a matter of law. *Id.* On August 28, 2014, Plaintiffs filed a Motion for Attorney's Fees (Doc. 49) claiming that Plaintiffs are entitled to recover their attorney's fees because Defendant's dismissed counterclaim for extortion was without substantial factual or legal support. *Id.*

For the reasons set forth below, Plaintiffs' Motion for Summary Judgment must be denied. Because Defendant's counterclaim for extortion was without substantial legal support, Plaintiffs' Motion for Attorney's Fees must be granted.

## APPLICABLE STANDARD

Federal Rule of Civil Procedure 56(a) states that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The purpose of this rule "is to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). In considering a motion for summary judgment, a court "must consider all the evidence in the light most favorable to the non-moving party," *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1528 (11th Cir. 1987) (citing *Mauter v. Hardy Corp.*, 825 F.2d 1554, 1556 (11th Cir. 1987)), and "resolve all reasonable doubts in favor of the non-moving party." *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (citing *Williams v. City of Dothan*, 745 F.2d 1406, 1410 (11th Cir. 1984)). Therefore, this Court must resolve all evidence and inferences in favor of Defendant in considering the Motion for Summary Judgment.

## DISCUSSION

## MOTION FOR SUMMARY JUDGMENT

Count I of Defendant's Counterclaim contends that Plaintiffs exceeded the scope of the implied consent or license granted to them by Defendant's Subway restaurant and that, in doing so, Plaintiffs trespassed on Defendant's property. (Doc. 22). Because a genuine issue of material fact exists as to whether Plaintiffs violated the implied consent or license granted to them by Defendant, Defendant's counterclaim against Plaintiffs for trespass must survive Plaintiff's Motion for Summary Judgment.

During the course of prior litigation between these parties regarding another of Defendant's Subway restaurants (hereinafter "Subway #336"), Defendant became aware that Subway #336, as well as the Subway restaurant in this case (hereinafter "Subway #468"), required modifications in order to bring the restaurants into compliance with the Americans with Disabilities Act (hereinafter "ADA"). (Doc. 32).[1] The prior litigation concerned facts similar to the instant case, however Plaintiffs' claims only concerned Defendant's Subway #336. (Doc. 32). After being made aware that Subway #468 required modifications and that Defendant had in place a plan to bring Subway #468 into compliance with the ADA, Plaintiff Kennedy, who is a "tester" for the purpose of determining whether places of public accommodation are in compliance with the ADA, (Doc. 1), and ADA Compliance Expert Peter Lowell, while in Tampa awaiting a bench trial for the Subway #336 lawsuit, travelled to Defendant's St. Petersburg Subway #468 restaurant and used a tape measure to find the ADA violations mentioned above. (Docs. 13-1, 22, 32). Plaintiff Kennedy and ADA Compliance Expert Peter Lowell, in addition

---

[1] The case referenced here is *Access for the Disabled v. EDZ, Inc.*, No. 8:12-cv-02186-EAJ (M.D. Fla. 2014).

4

to conducting the preliminary inspection of Subway #468, also purchased food prior to leaving Defendant's property. (Docs. 1, 28).

"Civil trespass to property is use of the land of another by one having no right or authority." *Pitt Sales, Inc. v. King World Prods., Inc.*, 383 F. Supp. 2d 1354, 1364 (S.D. Fla. 2005) (citing *Winselmann v. Reynolds*, 690 So. 2d 1325, 1327 (Fla. Dist. Ct. App. 1997)). While "[u]nder Florida law, consent is an absolute defense to an action for trespass[,]" "consent or license implied from custom, usage, or conduct is 'necessarily limited . . . to those acts that are within a fair and reasonable interpretation of the terms of the grant.'" *Crowell v. Florida Power Corp.*, 438 So. 2d 958, 958 (Fla. Dist. Ct. App. 1983) (quoting *Boston Manufacturer's Mutual Insurance Co. v. Fornalski*, 234 So. 2d 386 (Fla. Dist. Ct. App. 1970)). Whether Plaintiffs trespassed on Defendant's property by exceeding an implied consent or license creates a material issue of fact. *See id.* (stating "a genuine issue of material fact exists as to whether [Defendant's] agents violated the boundaries of [the implied] consent by trimming the [Plaintiffs'] trees"). Therefore, summary judgment is inappropriate.

## MOTION FOR ATTORNEY'S FEES

The Florida Civil Remedies for Criminal Practices Act (FCRCPA) provides that a defendant "shall be entitled to recover reasonable attorney's fees and costs . . . upon finding that the claimant raised a claim that was without substantial fact or legal support." Fla. Stat. § 772.104(3) (2014). In awarding fees under this chapter, "it is not necessary that the court find a complete absence of a justiciable issue of either law [or] fact. The trial court must only find that the claim lacked substantial fact or legal support." *Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1330 (11th

Cir. 1998) (quoting *Hartford Ins. Co. of the Midwest v. Miller*, 681 So. 2d 301, 302 (Fla. Dist. Ct. App. 1996)).

Count II of Defendant's Counterclaim alleges that Plaintiffs "conspired or endeavored to commit criminal activity as defined by Fla. Stat. §§772.102 and 836.05, particularly extortion against [Defendant] before and after instituting litigation." (Doc. 22). More specifically, Defendant alleges that during the course of prior litigation between the parties regarding Defendant's Subway #336, Plaintiffs' attorney informed Defendant "that it did not make economic sense to defend an action for ADA violations[] where [Plaintiffs] were seeking less in 'attorneys' fees' tha[n] the projected costs of defending the litigation." *Id.* Defendant further alleges that during the course of that litigation, Plaintiffs became aware of Defendant's Subway #468, the ADA violations at Subway #468, and Defendant's plan to remedy those violations. *Id.* Nevertheless, Plaintiffs filed the instant lawsuit for violations existing at Subway #468 "[seeking] attorneys' fees against the [Defendant] which were not representative of the time and effort expended in the suit against Subway #468." *Id.* Defendant alleges that Plaintiffs' attorney once again "threatened the continued prosecution and increase of 'attorneys' fees' unless [Defendant] paid [Plaintiffs] the initials 'attorneys' fee' amount." *Id.* Plaintiffs filed a Motion to Dismiss, (Doc. 28), and after consideration, this Court dismissed Defendant's counterclaim for extortion (Doc. 42) because a threat to sue cannot constitute extortion. *United States v. Pendergraft*, 297 F.3d 1198, 1205 (11th Cir. 2002).

In dismissing Defendant's counterclaim for extortion, this Court found that Defendant's claims lacked a substantial legal basis. This finding entitles Plaintiffs to an award of reasonable attorney's fees in defense of the extortion claim pursuant to Fla. Stat. § 772.104(3). Accordingly, it is

**ORDERED** that:

(1) Plaintiff's Motion for Summary Judgment is **DENIED**.

(2) Plaintiffs' Motion for Attorney's Fees is **GRANTED**. The parties are directed to consult to try and resolve the issue of attorney's fees. If they cannot resolve the matter, the Plaintiff shall file a motion for fees with thirty days of the date of this order.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 21st day of October, 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT COURT JUDGE

Copies to: All Parties and Counsel of Record