UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

**ACCESS FOR THE DISABLED**, a
Florida not for profit corporation, and
**PATRICIA KENNEDY**, Individually,

       Plaintiffs,

Case No: 8:13-cv-3158-EAK-TGW

v.

**EDZ, INC.**,

       Defendant,
_____/

**PLAINTIFF, PATRICIA KENNEDY'S RENEWED MOTION FOR SUMMARY JUDGMENT AS A MATTER OF LAW.**

Plaintiff, Patricia Kennedy, by and though her undersigned counsel, and pursuant to Rule 50 *Fed.R.Civ.P.*, hereby renews her motion for judgment as a matter of law made at the conclusion of the Defendant's case. In summary form, Federal law does not allow state law trespass claims to interfere with the stated purpose of Congress in enacting the Americans With Disabilities Act. Separately, the Defendant failed to prove trespass as a matter of Florida law. More specifically:

**I. SUMMARY CASE STATEMENT**

1

1. This is an action in which the Plaintiffs requested this Court enjoin violations of Title III of the Americans With Disabilities act 42 U.S.C. § 12181 *et seq.* and Florida Accessability Code. Specifically, they asked that the Defendant be compelled to eliminate architectural barriers that hamper access by the disabled at a Subway restaurant located in St. Petersburg, Florida.

2. The Defendant answered and filed a counterclaim against the Plaintiffs and a third party claim against Peter Lowell and Thomas Bacon, P.A. [D.E, 22]. The Defendant asserted that the Plaintiff, Patricia Kennedy was liable for trespass [D.E. 22, p. 9] and that both the Plaintiffs and the third party Defendants were liable for extortion pursuant to the Florida Civil Remedies for Criminal Practices Act, F.S.A. 772.102 [D.E. 22, p. 10]. Subsequently, the Court dismissed the latter claim [D.E. 42] and dismissed the case as to the third party Defendants because they were never served.

3. This case was tried on April 6th, 8th and 9th. At the conclusion of the Defendant's case, the Plaintiff moved for judgment as a matter of law. With respect to the trespass claim, Ms. Kennedy argued that the ADA, which allowed her to be at the Defendant's restaurant, preempted state trespass law, and that allowing counterclaims such as the one the Defendant filed here, sanctioned retaliation which the ADA also prohibits. Finally, Ms. Kennedy pointed out that the evidence presented by the Defendant did not amount to a trespass under Florida's common law. At the conclusion of the evidence, the Court submitted both the ADA

claim[1] and the trespass claim to the jury. The jury found that Ms. Kennedy had trespassed and awarded one ($1.00) dollar in damages.

Ms. Kennedy now renews her motion for judgment as a matter of law.

## II. THE DEFENDANT'S TRESPASS CLAIM IS PREEMPTED.

In general, preemption occurs in three situations: where Congress expressly preempts state law, where Congress occupies the field, and where state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress," *Jones v. Rath Packing Co.*, 430 U.S. 519, 614 (1977). It is the last mentioned that is at issue here.

Congress passed the ADA with the declared purposes of providing "a clear and comprehensive *national mandate* for the elimination of discrimination against individuals with disabilities" and providing "clear, strong, *consistent,* enforceable standards addressing discrimination against individuals with disabilities." 42 U.S.C. § 12101(b) (italics added).The Defendant's restaurant is a place of public accommodation. The Defendant cannot exclude, or refuse to serve, the disabled without violating the law, 42 U.S.S. 12182(a).[2] The undisputed evidence at trial established that Ms. Kennedy went to the Defendant's restaurant, ordered food, paid the bill, and left. Whatever "consent or licence" [D.E. 22, p. 9] the Defendant may have extended to Ms. Kennedy under the common law," her right to avail herself of the goods and

---

[1]The jury sat in an advisory capacity with respect to the ADA claim. The Court has not yet made findings of fact and conclusions of law as required by Rule 52, *Fed.R.Civ.P.*

[2]"No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

3

services available to the public at large at the Defendant's establishment stems from a very different source – an Act of Congress.

Overlooking the actual source of the right Ms. Kennedy asserted, the Defendant did no more than argue that some unpublicized restriction on the *common law* "consent or licence" [D.E. 22, p. 9, ¶ 56 & 59] it admittedly extended [D.E. 22, p. 9, ¶ 57] was violated. At trial, there was no evidence of just what that restriction supposedly was. The purported violation was not that Ms. Kennedy actually caused any damage, but merely that she "intended" to do so.

In *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323 (11th Cir 2013), the Eleventh Circuit recognized tester standing in ADA cases. Concluding that the ADA contains no requirement that a plaintiff be a "bona fide patron," the Court flatly stated that the ADA also , "provides no basis" for the suggestion that a plaintiff 's motive is "relevant" to his or her legal rights, *id.* The invasion of the right conferred by the ADA occurs when the disabled person encounters an architectural barrier which discriminates against him or her, *Marod*, 733 F.3d., at 1332. Thus, even if Ms. Kennedy went to the Defendant's premises for the sole purpose of identifying and encountering barriers prohibited by the ADA, as the Defendant claimed,[3] her conduct was legally protected under Federal law. *See, Northside Realty Associates, Inc., v. U.S.*, 605 F2d. 1348 (5th Cir. 1979 ) discussed below.

To allow the common law of trespass to be utilized in the fashion in which the Defendant attempts to do "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress" in enacting a national mandate to eliminate discrimination

---

[3] *e.g.*, "Kennedy and Lowell's intent in visiting these victims is strictly to identify ADA violations ...." [D.E. 22, para. f].

4

against the disabled with consistent standards. The law of trespass may vary from one state to another. Worse still, with each owner of a place of public accommodation having the ability to twist the local law to his or her own purpose, the ADA's protections would be eviscerated.

Because Ms. Kennedy's right depends on federal law, and, in this context, applying the Defendant's version of the law of trespass conflicts with that federal law, the law of trespass, is, in this context, preempted.

### III. PATRICIA KENNEDY WAS NOT A TRESPASSER.

Trespass, at common law, is the use of the land of another by one having no right or authority. Consent is an absolute defense to an action for trespass provided that the acts of the party accused of the trespass do not exceed, or are not in conflict with, the purposes for which such consent was given. *Pitts Sales, Inc., v. King World Productions, Inc.*, 383 F. Supp. 2d 1354, 1364-65 (S.D. Fla 2005)(and cases cited).

In *Dresnick v. American Broadcasting Companies, Inc.*, 44 F.3d. 1345 (7th Cir. 1994), the Seventh Circuit applied that law in the context of a case in which an eye doctor sued ABC for, among other things, trespass. The basis of that claim was that "test patients" *id.*, at 1347, entered the clinic and secretly videotaped their own examinations. As the Court summarized their actions:

> The test patients entered offices that were open to anyone expressing a desire for ophthalmic services and videotaped physicians engaged in professional, not personal, communications with strangers (the testers themselves). The activities of the office were not disrupted ... nor was there any invasion of a person's private space.

*id.*, at 1352 (citations and internal punctuation omitted).

5

There was, the Court went on, "no theft" and " no disruption of decorum, of peace and quiet" *id*., at 1352.

On those facts, Judge Posner concluded that "there was no invasion of any of the specific interests the tort of trespass seeks to protect" *id*., at 1352.

*Northside Realty Associates, Inc., v. U.S.*, 605 F2d. 1348 (5th Cir. 1979 )[4] was a contempt action in which the Defendants objected to some of the evidence against them on Fourth Amendment Grounds because it was "obtained by 'testers,' individuals who posed as prospective home buyers in order to investigate possible violations of the Fair Housing Act." Noting that "the testers did no more than what any member of the home-buying public is invited, and indeed welcomed, to do," *id*., at 1355, the Court rejected that argument concluding that, to the extent that Northside has held itself open to the public for just the sorts of visits that transpired" *id.*, it could not complain.

As applied here, the Defendant operated a restaurant. It was, to paraphrase *Dresnick*, open to anyone who wanted to eat. Ms. Kennedy availed herself of that opportunity. There was no theft, no disruption, and no intrusion into private areas. Like the testers in *Northside,* Ms. Kennedy did no more " than what any member of the public is invited, and indeed welcomed, to do."

Thus, on the evidence presented, the Defendant failed to prove trespass.

**IV. THE DEFENDANT IS NOT ENTITLED TO DAMAGES IT DID NOT PLEAD**

---

[4]Under *Bonner v. Prichard*, 661 F.2d. 1206 (11th Cir. 1981), decisions of the Fifth Circuit prior to September 30, 1981 are binding on this Court.

In its counterclaim, the Defendant did not ask for nominal damages. [D.E. 22, ¶ 61]. The Defendant ignored its obligations under Rule 26(a)(1)(A)(iii) to provide Ms. Kennedy with the computation of each category of damages it claimed to have suffered. The Defendant has also failed to comply with its obligations under both Rule 26(a)(1)(A)(ii) and (iii) to provide any documents supporting its alleged damages. Not having requested nominal damages, the Defendant is not entitled to recover them. *See, Pitts Sales, supra*, at 1336.

**V. CONCLUSION.**

Asserting and enforcing their rights under the ADA is something the disabled have a right to do by virtue of an Act of Congress. As the Eleventh Circuit held in *Marod, supra*, intent is irrelevant. Were the Defendant allowed to maintain a trespass claim, it would both obstruct the Congressional purpose in enacting the ADA and allow acts of retaliation against the disabled who had the temerity to enforce their Federal rights. In addition, because Ms. Kennedy did nothing more than what any member of the public is invited, and indeed welcomed, to do, her actions did not constitute a trespass in any event.

For the reasons set forth above, Ms. Kennedy requests that her judgment as a matter of law be granted and the jury's verdict set aside.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that, on May 7, 20155 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to the attorneys of record.

*/s/ Philip Michael Cullen, III, Esq.*
Fla. Bar No: 167853
Thomas B. Bacon, P.A.
621 South Federal Highway, Suite Four
Fort Lauderdale, Florida 33301
Telephone; (954) 462-0600
Facsimile: (954) 462-1717
cullen@thomasbaconlaw.com
