UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ACCESS FOR THE DISABLED,
etc., et al.,

        Plaintiff,

v.   CASE NO. 8:13-CV-3158-T-17TGW

EDZ, INC.,

        Defendant.

_____/

ORDER

This cause is before the Court on:

| | |
|---|---|
| Dkt. 136 | Renewed Motion for Summary Judgment As A Matter of Law |
| Dkt. 137 | Notice of Filing Partial Transcript |
| Dkt. 139 | Opposition |

The claims of Plaintiffs Access for the Disabled, Inc. and Patricia Kennedy for violations of the ADA and Counterclaim Plaintiff EDZ, Inc.'s Counterclaim for trespass were both tried in a jury trial. As to the ADA claims, the jury verdict was advisory only.

Plaintiff Patricia Kennedy renews her Motion for Judgment as a Matter of Law made at the conclusion of Defendant's case, pursuant to Fed. R. Civ. P. 50(b).

In ruling on a defendant's Rule 50 (a) motion made at the close of the plaintiff's case, the Court considers all the evidence in the light most favorable to the plaintiff and grants the plaintiff the benefit of all reasonable inferences. Judgment as a matter of law for the defendant is proper when there is insufficient evidence to prove an element of

CASE No. 8:13-CV-3158-T-17TGW

the claim, which means that no jury reasonably could have reached a verdict for the plaintiff on that claim.  See Collado v. UPS, 419 F.3d 1143, 1149 (11th Cir. 2005).

During the jury trial, at the close of the evidence, Plaintiff Kennedy requested entry of judgment as a matter of law on Defendant's Counterclaim for trespass.  Plaintiff argued that there was no testimony that Plaintiff Kennedy did anything beyond what the public could do; Plaintiff Kennedy entered Subway #468, saw things, ate lunch and paid the bill.  Plaintiff Kennedy argued that, pursuant to Houston v. Marod Supermarkets, Inc., 733 F.3d 1323  (11th Cir. 2013), her motive in going to Subway #468 (as a tester rather than a bona fide patron) is irrelevant; testers are not trespassers and that is how the law (compliance with the ADA) gets enforced.  Plaintiff further argued that Defendant was using state law as a means to evade the requirements of the ADA, and Defendant's Counterclaim is preempted to the extent that it interferes with the enforcement of federal policy.  Plaintiff further argued that what Defendant was asking the Court to do is to sanction Plaintiff Kennedy's act of visiting Subway #468 to ascertain Defendant's compliance with the ADA, and such a sanction is a form of retaliation, which is prohibited by the ADA.  Therefore Plaintiff requests entry of judgment as a matter of law on Defendant's Counterclaim.

At trial, Defendant opposed Plaintiff's Motion for Judgment as a matter of law. Defendant argued that Plaintiff's Motion for Judgment as a matter of law does not consider the totality of the circumstances.  Defendant argued that Houston v. Marod Supermarkets, Inc., supra, was decided under a motion to dismiss standard, in which the Court accepted the allegations of the pleadings as true, without considering the actual existence of architectural barriers.  Defendant further argued that issues as to which ADA standard applies have been raised, and the question of whether Plaintiff Kennedy encountered any barriers to begin was a disputed issue.

Defendant argued that on November 20, 2013, Plaintiff Kennedy, with her

CASE No. 8:13-CV-3158-T-17TGW

expert, traveled across the bridge from Tampa to St. Petersburg, with an expert holding a tape measure and a camera, and walked into a building that Plaintiff knew was being brought into compliance with the ADA, and that could potentially be used against Mr. Zigman. Defendant argued that, until that time, neither Plaintiff Kennedy nor her counsel asked for an inspection from the Court. Plaintiff Kennedy and her expert walked into Subway #468 and gathered evidence to use against Mr. Zigman. Defendant argued that those actions, together with the totality of all the evidence, necessarily involves a determination of whether the actions of Plaintiff Kennedy were beyond the custom and usage of an ordinary patron. Defendant argued that no reasonable person would go to Subway #468 from Tampa armed with a tape measure and camera and an expert in order to take measurements and photographs and kick off a late investigation against Defendant for something may never be proven. Defendant argued that Plaintiff's actions are a basis for the trespass Counterclaim, and in this particular situation there is sufficient evidence to take the case to the jury to ask them what Plaintiff's purpose was in going to Subway #468 on November 20, 2013. Defendant argued that, if Plaintiff Kennedy wasn't discriminated against, if the building was in compliance, if all other action is taken into consideration, such as how often Plaintiff traveled, and all that Plaintiff was doing (including going to trial on a prior ADA claim against Defendant's other store), all the circumstantial evidence was enough to submit the trespass claim to the jury, and ask the jury if Plaintiff Kennedy exceeded the regular custom and usage of a patron at Subway #468. Defendant argued that there were enough questions for the jury to determine what Plaintiff's intent was on November 20, 2013, and if Plaintiff Kennedy was in fact discriminated against on November 20, 2013.

Defendant further argued that Houston v. Marod Supermarkets, Inc., supra, did not deal with these factual issues, and therefore Houston v. Marod Supermarkets, Inc. does not apply. Defendant argued that there was direct evidence, circumstantial evidence, and enough questions as to the standard applied by expert witnesses to raise

CASE No. 8:13-CV-3158-T-17TGW

disputed issues of material fact, and allow this case to go to the jury.

In response to Defendant's argument, Plaintiff argued that Defendant was wrong about the standard. Plaintiff argued that there was no evidence before the jury that there was any standard that was any different, or that Plaintiff did anything beyond what a normal patron would do, and Plaintiff Kennedy saw things and encountered things that anyone who used the restaurant would see and encounter.

The Court deferred ruling on Plaintiff's Motion for Judgment as a Matter of Law.

I. Standard of Review

Any renewal of a motion for judgment as a matter of law under Fed. R. Civ. P. 50(b) must be based on the same grounds as the original request for judgment as a matter of law under Fed. R. Civ. P. 50(a) at the close of the evidence, and prior to the case being submitted to the jury. Shannon v. Bellsouth Telecomms., Inc. 292 F.3d 712, 717 n. 3 (11th Cir. 2002). When evaluating a Rule 50 motion, the Court considers all the evidence and reasonable inferences arising therefrom in the light most favorable to the nonmoving party. See Beckwith v. City of Daytona Beach Shores, Fla., 58 F.3d 1554, 1560 (11th Cir. 1995).

II. Discussion

Fed. R. Civ. P. 50(b) provides:

(b) Renewing the Motion After Trial; Alternative Motion for a New Trial. If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to

CASE No. 8:13-CV-3158-T-17TGW

the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment--or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged--the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59. In ruling on the renewed motion, the court may:
(1) allow judgment on the verdict, if the jury returned a verdict;
(2) order a new trial; or
(3) direct the entry of judgment as a matter of law.

Prior to the trial, the Court denied Counterclaim Defendant Kennedy's Motion for Summary Judgment (Dkt. 52), finding that there was a genuine issue of material fact as to whether Counterclaim Defendants violated the implied consent or license granted to them by Defendant, citing Crowell v. Florida Power Corp., 438 So.2d 958 (FL 2d DCA 1983). The Court also denied Counterclaim Defendant's Motion for Sanctions (Dkt. 42).

The Counterclaim for Trespass includes the following allegations:

52. This is an action for damages which at this time does not exceed, $15,000.00, exclusive of costs and attorneys' fees.

53. Counter-Plaintiff incorporates and realleges all matters previously alleged in the Counter-claim, answer and affirmative defenses.

54. Counter-Plaintiff has a possessory interest in Subway #468.

55. On or about December 2013, Kennedy and Lowell entered Subway #468 without a genuine intent to patronize the restaurant.

56. Subway #468 provides implied consent or a license for its customers to visit, enter, and enjoy all the benefits of the restaurant so long as the customer is a patron of the restaurant.

57. However, Subway #468 does not provide implied consent or a license to anyone who has an intent to cause harm, destruction, or otherwise damage the restaurant, nor to anyone who loiters without an intent to patronize the restaurant.

CASE No. 8:13-CV-3158-T-17TGW

> 58. Kennedy and Lowell, entered Subway #468 with the intent to damage the restaurant, mainly to identify technical violations of the ADA for the purposes of filing a lawsuit and seeking money in exchange for avoiding litigation.
>
> 60. The purpose of Kennedy and Lowell's visit exceeded the implied consent or license granted by Subway #468.
>
> 61. Subway #468 has been damaged by Kennedy and Lowell's actions.
>
> WHEREFORE, EDZ, INC. seeks damages for trespass against PATRICIA KENNEDY, and PETER LOWELL and such other and further relief deemed just and proper under the circumstances.

Counterclaim Defendant Lowell was dismissed from this lawsuit prior to trial (Dkt. 57), and Count II of the Counterclaim was dismissed for failure to state a claim prior to trial (Dkt. 42).

Counterclaim Plaintiff EDZ, Inc.'s Counterclaim includes factual allegations in paragraphs 28 through 51 of the Counterclaim, which Counterclaim Plaintiff has incorporated into the trespass claim. Counterclaim Plaintiff alleges that Subway #468 has been damaged by Counterclaim Defendant Kennedy's actions in going to Subway #468 to identify technical violations of the ADA for the purposes of filing a lawsuit and seeking money in exchange for avoiding litigation. This damage to Subway #468 is not physical damage to Subway #468 which occurred at the time of Counterclaim Defendant Kennedy's initial visit to Subway #468 on November 20, 2013.

It is undisputed that Subway #468 is a place of public accommodation; Subway #468 is a restaurant which is open to the public. It is further undisputed that Plaintiff Kennedy did in fact purchase food at Subway #468 on November 20, 2013. Plaintiff Kennedy, along with Peter Lowell, also viewed the public restrooms at Subway #468, and Peter Lowell took measurements and photographs of the public restrooms. There is no evidence that Counterclaim Defendant Kennedy intruded into nonpublic areas of Subway #468 on November 20, 2013, nor is there evidence in the record that Subway

CASE No. 8:13-CV-3158-T-17TGW

#468's business was disrupted in any way at the time of Counterclaim Defendant Kennedy's visit to Subway #468 on November 20, 2013.

It is also undisputed that Subway #468 is subject to Title III of the ADA. The Department of Justice adopted revised Americans with Disabilities Act Accessibility Guidelines, which set a compliance date for barrier removal of March 15, 2012. March 15, 2012 is a new reference point for a place of public accommodation to evaluate its compliance with ADA accessibility standards.

In <u>Houston v. Marod Supermarkets, Inc.</u>, 733 F.3d 1323 (11th Cir. 2013), the Eleventh Circuit Court of Appeals addressed two issues:

> 1. Whether tester motive behind base and future visits precludes standing for [the plaintiff's] lawsuit under Title III of the ADA; and
>
> 2. If not, whether under the totality of the facts [in that case], the plaintiff has shown a real and immediate threat of future injury.

The Eleventh Circuit noted that the plain language of Sec. 12182(a) confers a legal right to be free from discrimination on the basis of disability with respect to full and equal enjoyment of the facilities of a store, and the invasion of that right occurs when a disabled person encounters architectural barriers. The Eleventh Circuit noted that the substantive right is to be free from disability discrimination in the enjoyment of the facility, regardless of the motive for visiting the facility. The plaintiff suffered an injury when the plaintiff encountered barriers, notwithstanding that the plaintiff did so while testing for ADA compliance.

The Court noted that Congress has limited other provisions of the ADA's Title III to protect only "clients and customers of the covered public accommodation"; Congress imposed a "client or customer" limitation for three specific prohibited activities: 1) denial of participation; 2) participation in unequal benefit; and 3) separate benefit. The Eleventh Circuit further noted that the Court was not at liberty to impose a "bona fide patron" requirement for the plaintiff's lawsuit for violations of Secs. 12182(a) and

7

CASE No. 8:13-CV-3158-T-17TGW

12182(b)(2)(A)(iv.), and held that tester motive does not foreclose constitutional standing for the plaintiff's ADA claim.

The Eleventh Circuit Court of Appeals further found that the plaintiff established a real and immediate threat of future injury, based on the particular facts of that case, finding that under the totality of the facts, the threat of future injury was not merely conjectural or hypothetical, but real and immediate.

The Court addressed the totality of the facts in the Court's separate opinion on Plaintiffs' ADA claim, and determined that Plaintiffs had standing, although Plaintiff Kennedy did live far from Subway #468, based on Plaintiff Kennedy's two actual visits to Subway #468 and Plaintiff Kennedy's regular travel to the Tampa Bay area.

The Court determined that Counterclaim Defendant Kennedy encountered architectural barriers on the date of Counterclaim Defendant Kennedy's first visit to Subway #468. The fact that Counterclaim Defendant Kennedy was aware that Defendant EDZ, Inc. had a plan to remedy the alleged ADA violations in the future as to Subway #468 does not vitiate Counterclaim Defendant's ability to file suit for injunctive relief requiring Defendant EDZ, Inc. to remove architectural barriers to access, when Counterclaim Defendant in fact encountered barriers to access. The ADA is designed to combat benign neglect as well as intentional discrimination. No pre-suit notice is required by the ADA. See Ass'n of Disabled Ams. v. Neptune Designs, Inc., 469 F.3d 1357 (11th Cir. 2006).

As of November 20, 2013, Counterclaim Defendant Kennedy had not filed suit as to Subway #468, and could not have obtained court authorization for a detailed inspection. The then-pending litigation did not include Subway #468, but only Subway #336.

In asserting the Counterclaim for trespass, Counterclaim Plaintiff EDZ, Inc. has brought out the fact that Counterclaim Defendant Kennedy testified that she likes to eat

8

CASE No. 8:13-CV-3158-T-17TGW

at Subway restaurants in general, but Counterclaim Defendant Kennedy bypassed many Subway restaurants to pay a visit to Subway #468, targeting Subway #468 in light to the prior lawsuit as to Subway #336. The Court notes the discussion of trespass in J.H. Desnick v. American Broadcasting Cos., 44 F.3d 1345 (7th Cir. 1995)(affirming dismissal of plaintiff's claim in trespass because defendant television network, producer and star reporter did not invade any of the specific interests that the tort of trespass sought to protect). The Seventh Circuit Court observed that the law is willing to give effect to consent procured by "fraud" for example, where a tester gains entrance to an office in order to gather evidence for a television expose, and rested its analysis on the specific interests that the tort of trespass seeks to protect:

> "There was no invasion in the present case of any of the specific interests that the tort of trespass seeks to protect. The test patients entered offices that were open to anyone expressing a desire for opthalmic services and videotaped physicians engaged in professional, not personal, communications with strangers (the testes themselves). The activities of the offices were not disrupted...Nor was there any "inva[sion of] a person's private space....
>
> No embarrassingly intimate details of anybody's life were publicized in the present case. There was no eavesdropping on a private conversation; the testers recorded their own conversations with the Desnick Eye Center's physicians. There was no violation of the doctor-patient privilege. There was no theft, or intent to steal, trade secrets; no disruption of decorum, of peace and quiet; no noisy or distracting demonstrations. Had the testers been undercover FBI agents, there would have been no violation of the Fourth Amendment, because there would have been no invasion of a legally protected interest in property or privacy...Northside Realty Associates, Inv. v. United States, 605 F.2d 1348, 1355 (5th Cir. 1979). "Testers" who pose as prospective home buyers in order to gather evidence of housing discrimination are not trespassers even if they are private persons not acting under color of law. Cf. id. at 1355. The situation of the defendants' "testers" is analogous. Like testers seeking evidence of violation of antidiscrimination laws, the defendants' test patients gained entry into the plaintiffs' premises by misrepresenting their purposes (more precisely by a misleading omission to disclose those purposes). But the entry was not invasive in the sense of infringing the kind of interest of the plaintiffs that the law of trespass protects; it was not an interference with the ownership or possession of land. We need not consider what if any difference it would make if the plaintiffs had

>festooned the premises with signs forbidding the entry of testers or other snoops. Perhaps none, see United States v. Centennial Builders, Inc., 747 F.2d 678, 683 (11th Cir. 1984), but that is an issue for another day.

See J.H. Desnick v. American Broadcasting Cos., 44 F.3d 1345, 1352-1353 (7th Cir. 1995)(citations omitted).

The Court has considered the totality of the evidence and the reasonable inferences drawn from the evidence in the light most favorable to the Counterclaim Plaintiff. Subway #468 is a restaurant that is open to the public. Counterclaim Defendant Kennedy did not intrude into non-public areas or disrupt Subway #468's business. The Court finds that, even if Counterclaim Defendant deliberately targeted Subway #468, Counterclaim Defendant Kennedy's tester motive for the visit to Subway #468 on November 20, 2013 did not transform her into a trespasser. The Court therefore grants Counterclaim Defendant's Renewed Motion for Judgment as a Matter of Law on the trespass Counterclaim. Accordingly, it is

**ORDERED** that Counterclaim Defendant's Renewed Motion for Judgment as a Matter of Law (Dkt. 136) is **granted**.

**DONE and ORDERED** in Chambers in Tampa, Florida on this ___ day of March, 2016.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record